IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

EPIC SYSTEMS CORPORATION
1979 Milky Way,
Verona, WI 53593,

    Plaintiff,

    v.

Neil Silver,
3959 St. Denis
Suite 401
Montreal, Quebec H2W2M4
Canada

    Defendant,

Case No. 13-cv-355

**FILED UNDER SEAL**

## COMPLAINT

Plaintiff, Epic Systems Corporation ("Epic"), by its attorneys, Quarles & Brady LLP, states its complaint against the Defendant as follows:

### THE PARTIES, JURISDICTION AND VENUE

1. Plaintiff Epic is a Wisconsin corporation with its principal place of business at 1979 Milky Way, Verona, WI 53593.

2. Defendant Neil Silver is a resident of Canada who resides at 3959 St. Denis, Suite 401, Montreal, Quebec H2W2M4, Canada. Mr. Silver owns and operates the website ███████████████.

3. This Court has jurisdiction over this matter as it involves claims arising under 15 U.S.C. § 1114, 17 U.S.C. § 501 and 28 U.S.C. § 1331.

4. Venue for this matter is proper in this Court under 28 U.S.C. § 1391(a).

**FACTS**

5. Epic is a leading provider of software for medical groups, hospitals and integrated healthcare organizations.

6. Epic has expended a great deal of time, effort, and money to develop its proprietary software and training materials.

7. As part of its training, support and installation processes for its software, Epic provides limited and controlled access to information and training materials concerning its software to licensed customers and their staff and consultants.

8. Epic offers a training and certification program to authorized end users of its software. The training and certification program is administered at Epic's facilities by trained Epic staff. Outside companies are not authorized by Epic to certify Epic users.

9. Defendant Silver has been offering training on Epic's proprietary software and materials to customers who pay Defendant Silver for access to Epic's copyrighted materials through the website ███████████████. In so-doing, Defendant has obtained, copied, used and granted unauthorized access to Epic's copyrighted material. Defendant is not authorized to do so. These materials are available for purchase through Defendant's website in the Western District of Wisconsin.

10. Defendant also maintains a Facebook page whereby he advertises his alleged training for Epic software.

-2-
QB\19888903.2

11. Defendant has used Epic's trademarks in connection with such offerings as described below.

12. Defendant has further made false and misleading statements about his products, as detailed below.

13. Epic has contacted Defendant and requested that he cease and desist from the improper and unauthorized actions with regard to Epic's products. Defendant has refused to do so.

14. For several hundred dollars, one can purchase the training offered by Defendant for Epic's ▮▮▮▮▮▮▮▮▮▮ modules.

15. Several individuals, including an individual who resides in the Western District of Wisconsin, have contacted Epic confused about the source of these training materials, due to the statements and impression given by Defendant's website. On information and belief, at least one individual purchased access to Defendant's website believing the materials were being offered by Plaintiff Epic.

### Count 1, Copyright Infringement.

16. Epic incorporates Paragraphs 1-15, above.

17. As part of the training offered by Defendant, Defendant has made unauthorized copies of a document used in Epic's "PCB001PC Basics" e-learning, and has thereby infringed on Epic's exclusive rights pursuant to 17 U.S.C. § 106.

18. Epic filed for a copyright registration on this work. Accordingly, Epic has standing to bring this infringement claim pursuant to 17 U.S.C. §§ 411 & 501.

19. Defendant's copyright infringement has resulted in harm to Epic. Epic requests that this Court enjoin Defendant's copyright infringement pursuant to 17 U.S.C. § 502 and

require impounding and destruction of all copies maintained by Defendant of Epic's copyrighted work pursuant to 17 U.S.C. § 503.  Epic further requests its costs and attorneys fees for this claim, and any other relief this Court deems appropriate.

## Count 2, Trademark Infringement

20. Epic incorporates Paragraphs 1-19, above.

21. Epic owns a family of registered and valid trademarks associated with its software, training and manuals.  The family includes the trademark "**EPIC**," for "computer programs and accompanying users' manuals sold as a unit for the health care and public health fields" (U.S. Registration Number 1791371) and for "design and development of computer software for use in the healthcare field; implementation and maintenance of computer software for use in the healthcare filed; technical support, namely, troubleshooting of computer software programs relative to software used by healthcare organizations; consulting services on the subject of design, implementation, operation, maintenance and troubleshooting of computer software used by healthcare organizations" (U.S. Registration Number 4206061).

22. Epic's also has registrations for its healthcare software modules, such as the trademarks "**CADENCE**" for "computer programs and accompanying manuals sold as a unit for a scheduling system for health care and public health institutions and programs" (U.S. Registration Number 1574456).

23. Epic's customers recognize Epic's registered trademarks as being associated with Epic.

24. In conjunction with the training and materials offered by Defendant, Defendant has used Epic's registered trademarks, including the trademarks identified above.  Such use was

not authorized by Epic. Defendant's use of Epic's trademarks infringes upon those marks pursuant to 15 U.S.C. § 1114.

25. Defendant's infringement is willful, making this an exceptional case within the meaning of 15 U.S.C. § 1117.

26. Defendant's use of Epic's trademarks is likely to and has caused actual confusion in that Defendant's customers are likely to believe that Defendant is authorized to provide the materials it is providing and that Epic endorses the classes offered by Defendant.

27. Several individuals of Defendant have been actually misled by Defendant's trademark infringement.

28. Epic has been and will be damaged by Defendant's use of its trademarks in conjunction with Defendant's training. Epic has no adequate remedy at law and is being irreparably harmed as a result of Defendant's infringement.

**Count 3, False Advertising**

29. Epic incorporates Paragraphs 1-28, above.

30. In offering such training, Defendant has made false and misleading statements about the value of the training to customers.

31. For example, Defendant states on the website ▓▓▓▓▓▓▓▓▓▓▓, "▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓." This statement is false and misleading in that it falsely informs customers that Defendant's training is "▓▓▓▓▓▓▓▓" and used by a "▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓" when in reality, the industry standard used by healthcare providers is the training and certification offered by Epic itself and Epic is not aware of any healthcare providers that use Defendant's training.

-5-

32. Defendant also states that "███ ████████████████████████████████████ ████████████████████████████████████████." This statement is false and misleading because Defendant has no license from Epic to provide or use any of Epic's training materials, trademarks or other property. Epic has no relationship with ████████████.

33. Defendant further includes a testimonial from a "████████" that states "███ ████████████████████████████████████████████████████████████████████████████ ██████." This statement is misleading in that it implies to Defendant's customers that completing the training will improve one's job prospects, when in reality, healthcare providers know that Epic certification only may be obtained from Epic, and that outside training is not authorized.

34. Several customers/potential customers Defendant have been actually misled by Defendant's false and misleading statements. Further, on Defendant's Facebook page, at least one individual inquired whether the training was Epic's "certified training," further demonstrating the confusing nature of Defendant's offerings.

35. Plaintiff Epic has been or is likely to be harmed by Defendant's false and misleading statements, which are made in violation of 15 U.S.C. § 1125(a), unless Defendant is enjoined from making them pursuant to 15 U.S.C. § 1116.

36. Defendant's violation of 15 U.S.C. § 1125(a) are willful and should be declared exceptional under 15 U.S.C. § 1117(a).

### Count 4, Violation of Wis. Stat. § 100.18

37. Epic incorporates Paragraphs 1-36, above.

38. Defendant's false and misleading statements are a violation of Wis. Stat. § 100.18.

39. Epic has been harmed by Defendant's false and misleading statements.

**Prayer for Relief.**

1.       Epic seeks preliminary and permanent injunctive relief to enjoin Defendant's infringement of Epic's trademarks and prohibit use of the trademarks in any fashion by the Defendant, including but not limited to on his website and Facebook page, or on any other website, social media, blog or other internet page that Silver may register, own, use or have access to.

2.       Epic seeks preliminary and permanent relief to enjoin and remedy Defendant's copyright infringement, pursuant to 17 U.S.C. §§ 502, 503 & 505.

3.       Epic seeks preliminary and permanent relief to enjoin and remedy Defendant's false and misleading statements.

4.       Epic seeks an award of its actual damages, statutory damages, punitive damages, actual attorneys' fees, expenses and costs for pursuing this action.

5.       Epic seeks such other relief as this Court deems appropriate.

Dated this 30th day of May, 2013.

        QUARLES & BRADY LLP

        /s/ Josephine K. Benkers
        Anthony A. Tomaselli
        State Bar No. 1003673
        Anthony.tomaselli@quarles.com
        Josephine K. Benkers
        State Bar No. 1030608
        josephine.benkers@quarles.com

        QUARLES & BRADY LLP
        33 East Main Street
        Suite 900
        Madison, WI
        (608) 251-5000
        Fax: (608) 251-9166

        *Attorneys for Epic Systems Corporation*