IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

EPIC SYSTEMS CORPORATION
1979 Milky Way,
Verona, WI 53593,

        Plaintiff,

        v.                      Case No. 13-cv-355

NEIL SILVER,
3959 St. Denis,
Suite 401
Montreal, Quebec H2W2M4
Canada

        Defendant,

**PLAINTIFF EPIC SYSTEMS CORPORATION'S BRIEF IN SUPPORT OF MOTION TO SERVE DEFENDANT BY ELECTRONIC MAIL**

Plaintiff, Epic Systems Corporation ("Epic"), by its attorneys, Quarles & Brady LLP, moves this Court, pursuant to Federal Rule of Civil Procedure 4(f)(3), to serve Defendant Neil Silver by electronic mail. Such service is appropriate because attempts at traditional means of service in Quebec, Canada have been futile, and Defendant Silver utilizes e-mail as a preferred means of communication. Accordingly, such service would provide adequate notice and comport with due process.

## BACKGROUND

Defendant is a Canadian citizen living in Quebec. As such, the Summons and Complaint needed to be translated into French before service. Since having the papers translated, Epic has attempted formal service of process twice, at two different addresses, through the Central Authority in Quebec: 1) the address on the Complaint and used by Mr. Silver to register several

-2-

domain names; and (2) another potential address found through Epic's investigation, 1565 Rachel Street East, #306, Montreal, Quebec, Canada. Epic was informed on both occasions, most recently on October 15, 2013, that Mr. Silver does not reside at either of those addresses. (*See* Declaration of Josephine K. Benkers ("Benkers Decl."), Exhs. A & B).

Epic has since then attempted to find a different valid residential or business address for Mr. Silver, to no avail. For example, Epic has researched domain names that Mr. Silver has registered to himself or for others to see if he has listed an updated personal address therewith. (Declaration of Michael Wokasch ("Wokasch Decl."), Exh. C). Epic has also researched potential addresses on the internet. (Benkers Decl. ¶ 4; Wokasch Decl. ¶¶ 4-5). Despite these efforts, Epic did not find an additional alternative residential address for Mr. Silver.

Prior to bringing this lawsuit, Epic investigated who was behind the ehealthcaretraining.com website and found that it was Neil Silver. (Wokasch Decl., Exh. A). In conjunction with that investigation, Epic learned that Defendant Silver actively uses several different e-mail addresses to communicate personally and on behalf of the ehealthcaretraining.com website that he operates: mr.neil.silver@gmail.com; eggheadeinstein@gmail.com; and support@eheathcaretraining.com. Epic learned that Defendant Silver uses the support@ehealthcaretraining.com and eggheadeinstein@gmail.com addresses, for example, when a private investigator for Epic signed up for the Epic training that Mr. Silver was purporting to offer, and received a communication back. (*See* Wokasch Decl., Exh. A (Investigator's Report). The receipt for the purchase explicitly lists the support@ehealthcaretraining.com and eggheadeinstein@gmail.com e-mail addresses as the "Suppliers Contact Information" and also lists another website, eggheadeinstein.com, as a contact for the supplier. (*See Id.* at Appendix D).

-2-

The investigators hired by Epic then determined that the eggheadeinstein@gmail.com address belongs to Mr. Silver through a domain name search of the eggheadeinstein.com website. (*See id.*). Mr. Silver is featured prominently on that site. (*Id.*). A domain name registration search of the eggheadeinstein.com website yielded an additional e-mail address for Mr. Silver, mr.neil.silver@gmail.com. (*See id.*). Prior to bringing this lawsuit, one of Epic's in-house attorneys also communicated directly with the support@ehealthcaretraining.com e-mail address and received a response from the mr.neil.silver@gmail.com e-mail address. (Wokasch Decl., Exh. B).[1] Epic has discovered several additional domain names registered to Mr. Neil Silver of Quebec, Canada, wherein he also lists the mr.neil.silver@gmail.com address as a contact. (Wokasch Decl., Exh. C).

Mr. Silver also has an active Facebook page, upon which he posted a few weeks ago. (Benkers Decl., Exh. C).[2] The photo on that page is the same person as on the eggheadeinstein.com page. (*See Id.* & Wokasch Decl., Exh. A at Appendix C).

## ARGUMENT

I.  **RULE 4(f)(3) ALLOWS FOR ALTERNATIVE METHODS OF SERVICE ON FOREIGN DEFENDANTS, SUCH AS BY PUBLICATION, DIRECT MAIL AND ELECTRONIC MAIL.**

Federal Rule of Civil Procedure 4(f) governs service of process on individuals in foreign countries. Pursuant to Rule 4(f)(3), in addition to the traditional means of service such as through a foreign central authority, a defendant in a foreign country may be served "by any other means not prohibited by international agreement, as the court orders." This provision has been

---

[1] While the e-mail purported to come from an "Eli Dorian," that appears to be an alias or someone working with Mr. Silver because as Epic and its investigators found, it is Neil Silver who is the person behind both ehealthcaretraining.com and eggheadeinstein.com. This is further confirmed by a receipt generated by the company processing payments through ehealthcaretraining.com, which states "thank you for shopping with **neil**" on the top. (Wokasch Decl., Exh. D).

[2] Facebook also has an electronic message feature. If the Court so-permits, Epic could service Mr. Silver though that electronic mail address as well.

interpreted broadly to allow additional types of service on foreign defendants where traditional methods have been tried and failed, as long as the alternative means of service will give notice that comports with due process in that the notice is likely to reach the defendant. *See BP Prods. N.A. v. Dagra,* 236 F.R.D. 270, 271-72 (E.D. Vir. 2006)(citing cases).

The decision to allow a form of alternative service under Rule 4(f)(3) is committed to the "sound discretion of the district court," which has wide latitude to fit the manner of service to the facts and circumstances of a particular case. *Rio Props., Inc. v. Rio Int'l Interlink,* 284 F.3d 1007, 1016 (9th Cir.2002); *BP Prods. N.A.,* 236 F.R.D. at 271-72 (citing cases); *In re International Telemedia Assoc., Inc.,* 245 B.R. 713, 719 (Bankr. N.D. Ga. 2000); *see also, Levin v. Ruby Trading Co.,* 248 F.Supp. 537 (S.D.N.Y.1965) (authorizing service abroad by ordinary mail under previous Rule 4(i)(1)(E), which was identical to current Rule 4(f)(3), because "the necessary safeguards are determined by the court[,] which to assure adequacy of notice, may 'tailor the manner of service to fit the necessities of a particular case....' "). In order to fulfill due process requirements, a court must approve a method of service that is "reasonably calculated" to give notice to the defendant. *See BP Prods., N.A.,* 236 F.R.D. at 272. Pursuant to Rule 4(f)(3), Courts have authorized such service by a number of means, including publication, direct mail, telex, and more recently, electronic mail. *Rio Props.,* 284 F.3d at 1016 (allowing e-mail service); *Smith v. Islamic Emirate,* 2001 WL 1658211, at *2–*3 (S.D.N.Y. Dec.26, 2001) (authorizing service of process by publication on Osama bin Laden and al-Qaeda); *Levin,* 248 F.Supp. at 541–44 (S.D.N.Y.1965) (employing service by ordinary mail)).

II. **SERVICE OF PROCESS BY ELECTRONIC MAIL IS APPROPRIATE IN THIS INSTANCE.**

As noted above, where the exact current residence of a defendant is not known, but active e-mail addresses are known and are known to be used by a defendant, courts have allowed

-5-

service by e-mail or other electronic communication. *Rio Props., Inc.,* 284 F.3d at 1017; *Williams-Sonoma Inc. v. Friendfinder Inc.,* 2007 WL 1140639 at **2-3 (N.D. Cal. Apr. 17, 2007); *Philip Morris USA Inc. v. Veles, Ltd.,* 2007 WL 725412 at **2-3 (S.D.N.Y. Mar. 12, 2007); *Popular Enterprises LLC v. Webcom Medial Group, Inc.,* 2004 WL 2980279,225 F.R.D. 560, 562 (E.D. Ten. 2004). The chief concern, of course, is whether such service comports with due process. Moreover, Canada has not expressly objected to such alternative means of service of process in its declarations regarding service under the Hague Convention, to which it is a party. (*See* Benkers Decl., Exh. D). Where there has not been any such express rejection, courts have found service by electronic mail under Rule 4(f)(3) appropriate. *See Gurung v. Malhotra,* 279 F.R.D. 215, 219-220 (S.D.N.Y. 2011); *cf, Popular Enterprises LLC,* 225 F.R.D. at 562, n. 1 (finding the Hague Convention does not apply where one does not have an address for the defendant, and authorizing e-mail service upon a defendant).

Here, traditional formal service of process has been tried, to no avail. Defendant Silver is an active e-mail user and is active in website development. He obviously uses the e-mail addresses listed above for his business purposes, and will therefore receive adequate notice by e-mail delivery to one or more of the electronic mail accounts listed above.[3] In fact, in this day and age it is probably more certain to provide Mr. Silver notice by serving him by electronic mail than it would be to serve him by more traditional means of alternative service long deemed to comport with due process, such as publication in a local newspaper. Accordingly, service by electronic mail should be authorized here.

---

[3] Epic is willing to copy the eggheadeinstein@gmail.com, mr.neil.silver@gmail.com and support@ehealthcaretraining.com e-mail accounts, but believes that e-mail to any one of these would be effective to give adequate notice to Mr. Silver and comport with due process.

-6-

## CONCLUSION

Epic's motion to serve Mr. Silver via electronic communication should be granted.

Dated this 11th day of December, 2013.

                                             QUARLES & BRADY LLP

                                             /s/ Josephine K. Benkers
                                             Josephine K. Benkers
                                             State Bar No. 1030608
                                             josephine.benkers@quarles.com

                                             QUARLES & BRADY LLP
                                             33 East Main Street
                                             Suite 900
                                             Madison, WI
                                             (608) 251-5000
                                             Fax: (608) 251-9166

                                             *Attorneys for Epic Systems Corporation*

QB\310265.00157\24153513.1