IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

EPIC SYSTEMS CORPORATION,

        Plaintiff,

    v.                                                 Case No. 13-cv-355

NEIL SILVER,

        Defendant,

---

**PLAINTIFF EPIC SYSTEMS CORPORATION'S BRIEF IN SUPPORT OF MOTION FOR ENTRY OF DEFAULT AND DEFAULT JUDGMENT AND PERMANENT INJUNCTION AGAINST DEFENDANT NEIL SILVER**

---

Pursuant to Rule 55(b) of the Federal Rules of Civil Procedure, Plaintiff Epic Systems Corporation seeks a default judgment against Defendant Neil Silver.  Defendant Neil Silver is in default for failure to answer, appear or to otherwise participate in any way in this action.  Plaintiff Epic Systems Corporation seeks a permanent injunction on sufficient terms to prevent further infringement of Epic's intellectual property, as described in the Complaint filed in this action.

Epic also seeks a determination that this case is exceptional and that Defendant's misuse of Epic's intellectual property was willful, deliberate, and egregious.  Therefore, pursuant to 15 U.S.C. § 1117(a), and 17 U.S.C. § 505(a), and Wis. Stat. § 100.18, an award of its reasonable attorneys fees and expenses against Defendant Neil Silver in Epic's favor is appropriate.

**FACTUAL BACKGROUND**

I.     **NEIL SILVER HAS NOT ANSWERED THE COMPLAINT OR OTHERWISE APPEARED IN THIS ACTION.**

Despite being properly served, Neil Silver has never filed any appearance in this action, nor has he ever answered any of the allegations in the Complaint.   (See Dkts. 13 & 14). Accordingly, Mr. Silver is in default.

II.    **THE ALLEGATIONS IN THE COMPLAINT.**

As to Defendant Neil Silver, the Complaint establishes that this Defendant engaged in a scheme to take and misuse Epic's proprietary, trademarked, and copyrighted, to provide unauthorized training for a fee, to customers.   (Dkt. 2, ¶¶ 9-39).   As spelled out in the allegations in the Complaint, Defendant Neil Silver among other things, (1) infringed Epic's registered copyright; (2) infringed Epic's trademarks; and (3) engaged in false advertising.

**ARGUMENT**

I.     **DEFENDANT NEIL SILVER SHOULD BE FOUND LIABLE AS TO EACH COUNT IN THE COMPLAINT.**

Federal Rule of Civil Procedure 55(b) authorizes the Court to enter a default judgment when a party against whom affirmative relief is sought fails to plead or otherwise defend.   "As a general rule, a 'default judgment establishe[s], as a matter of law, that defendants [are] liable to plaintiff as to each cause of action alleged in the complaint.'....Upon default, the well-pleaded allegations of a complaint relating to liability are taken as true."   *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.,* 722 F.2d 1319, 1323 (7th Cir. 1983); *Graham v. Satkoski,* 51 F.3d 710, 713 (7th Cir. 1995); *White v. Marshall,* 771 F. Supp. 2d 952 (E.D. Wis. 2011).

In order to demonstrate a claim for copyright infringement, a plaintiff must show access to a registered work owned by the plaintiff and copying.   *See Feist Pubs., Inc. v. Rural Telephone Service Co., Inc.,* 499 U.S. 340, 361 (1991).   Epic's Complaint contains such

-2-

allegations.  (Dkt. # 1, Complaint, §§ 44-47).  Epic has also alleged and demonstrated harm by these Defendant's copying.  (Dkt. # 1, Complaint ¶ 47).  Accordingly, a default judgment should be entered in Epic's favor on Count 1.

In order to demonstrate a claim for trademark infringement, a plaintiff must show that it has a valid and registered trademark, that those trademarks are recognized by others as being associated with Epic, that a defendant has unlawfully used the plaintiff's mark, that such use caused or is likely to cause actual confusion, and that the plaintiff is or will be harmed as a result of the infringement.  *See International Kennel Club of Chicago v. Mighty Star, Inc.,* 846 F.2d 1079, 1084 (1988).  Epic alleges each of these elements in the Complaint.  (Dkt. # 1, Complaint, ¶¶ 62-69).  Accordingly, default judgment should be entered in Epic's favor on Count 2.

In order to demonstrate a claim of false advertising under the Lanham Act, a plaintiff must show that the defendant (1) made a false or misleading statement of fact regarding its own or another's goods; (2) that the representation deceived or had the capacity to deceive its intended audience; (3) that the deception is material in that it is likely to influence purchasing decisions; and (4) that the plaintiff has bee nor is likely to be injured as a result.  *See Hot Wax, Inc., v. Turtle Was, Inc.*, 1914 F.3d 813, 819 (7th Cir. 1999).  A plaintiff must similarly so-demonstrate to show false advertising under Wis. Stat. § 100.18.  *See Hackel v. National Feeds, Inc*., 2013 WL 6441030 at *12 (W.S. Wis. Dec. 9, 2013).  The allegations in the Complaint as to Counts 3 and 4 so-demonstrate here.

## II.    PLAINTIFFS SHOULD BE AFFORDED INJUNCTIVE RELIEVE AGAINST DEFENDANT NEIL SILVER.

In order to be entitled to injunctive relief, a prevailing plaintiff must demonstrate:  (1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of

hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction. *eBay Inc. v. MercExchange, L.L.C.,* 547 U.s. 388, 391 (2006). The allegations in the complaint as to each of the causes of action against Neil Silver so-demonstrate here.

Injunctive relief is regularly afforded in cases of default, especially where intellectual property rights are implicated. *See Arista Records, Inc. v. Beker Enters., Inc.,* 298 F. Supp. 2d 1310, 1314 (S.D. Fla 2003); *White,* 771 F. Supp. 2d at 958-959; *Chevron Intellectual Property L.L.C. v. Allen,* 2009 WL 2596610, * 1 (N.D. Tex. August 24, 2009); *see also, Epic Sys. Corp., v. KS Information Tech., LLC, et. al.,* Case No. 12-cv-848, Dkt. 41, Order (W.D. Wis. December 31, 2013). For one thing, the allegations of irreparable injury are taken as true upon a default. *See id.* Moreover, courts have noted that a defendant's non-participation in a litigation demonstrates that it does not take the allegations seriously, and therefore, the same or similar conduct is more likely to occur in the future. *See White,* 771 F. Supp. 2d at 958-959; *Virgin Records America, Inc. v. Johnson,* 441 F. Supp. 2d 963, 966 (N.D. Ind. 2006)("Defendant's failure to respond to the complaint likely suggests Defendant does not take seriously the illegality of the infringing activity."); *Chevron Intellectual Property, L.L.C.,* 2009 WL 2596610 at * 3-4.

Injunctive relief is also appropriate to redress false advertising. *See Lincoln Diagnostics, Inc. v. Panatrex, Inc.*, 2009 WL 3010840 *9 (C.D. Ill. Sept 16, 2009); *Hot Wax, Inc. v. S/S Car Care*, 1999 WL 966094 at *8 (N.D. Ill. 1999)(noting false advertising harms the public as well).

Injunctive relief is an appropriate remedy to enjoin Defendant Neil Silver from any future use of Epic's intellectual property and materials, and false advertising regarding the value of Defendant's purported training. As alleged in the Complaint, the harm to Epic from Defendant's

-4-

wrongful acts is likely to be irreparable. Moreover, as evidenced by Mr. Silver's pre-litigation response to Epic's counsel's demands, it is clear that Mr. Silver did not and does not take Epic's rights seriously.  (*See* Dkt. 11, Declaration of Mike Wokasch, Exh. B).  Accordingly, Defendant Neil Silver should be permanently enjoined as follows:

- from any unauthorized use or misappropriation of Epic's information going forward.  Defendant should be further enjoined from maintaining possession of any of Epic's materials they may now have and ordered to return any of the same to Epic.

- from infringing of any of Epic's trademarks, including but not limited to the registered marks identified in the Complaint.

- from infringing any of Epic's copyrights, including its registered and common law rights to Epic's documentation, training materials, and other materials Epic has created concerning its products.

- from developing, offering, facilitating, selling, promoting, marketing or otherwise being involved with any classes, training, materials, seminars, consulting or the like concerning Epic's software that is not specifically and expressly authorized by Epic.  Defendant should be further enjoined from being involved with or employed by any individual, business or entity that develops, offers, facilitates, sells, promotes, markets or otherwise is involved with any classes, training, materials, seminars, consulting or the like concerning Epic's software that is not specifically and expressly authorized by Epic.

- from falsely advertising that any of its previously offered non-authorized Epic training is "industry standard," used by a "wide range of health providers" or otherwise suggesting to customers that such training is valuable to employers or potential employers.

- from registering any domain name or hosting any website that violates any of portion of this injunction, including but not limited to by hosting any of Epic's materials, using any  of Epic's trademarks, or offering any Epic training.

The above-described injunctive relief is necessary and appropriate to afford Epic protection against Defendant Neil Silver's improper and unlawful conduct in the future. Accordingly, an order should be entered enjoining this Defendant as described above.

-5-

III.   **EPIC SHOULD BE AWARDED ITS ATTORNEYS' FEES.**

Epic has alleged a number of claims against Defendant Neil Silver which allow for the recovery of attorneys' fees by prevailing parties, especially in cases where the wrongful conduct is willful, intentional, egregious or the case is otherwise exceptional.  15 U.S.C. § 1117(a) allows for the recovery of attorneys' fees for trademark infringement and false advertising in exceptional cases.  Similarly, 17 U.S.C. § 505(a) allows for the recovery of attorneys' fees in copyright cases, particularly where the infringement is willful.  *Mostly Memories, Inc. v. For Your Ease Only, Inc.,* 526 F.3d 1093, 1099 (7th Cir. 2008)(finding a prevailing plaintiff is presumptively entitled to attorneys' fees in copyright cases); *White*, 771 F. Supp. 2d at 959.  Wis. Stat. § 100.18, provides for the recovery of attorneys' fees to prevailing parties.  Wis. Stat. § 100.18(11)(b)2.

Courts have found it appropriate to award attorneys fees in cases of default under statutory provisions that allow for the recovery of fees where the unlawful behavior is willful, egregious, intentional or otherwise exceptional.  *See Philip Morris USA, Inc. v. Castworld Prods., Inc.,* 219 F.R.D. 494, 502 (C.D. Cal. 2003)(noting that "a case may be deemed 'exceptional,' and merit an award of attorney's fees under the Lanham Act, when Defendant disregards the proceedings and does not appear.); *White,* 771 F. Supp. 2d at 959 (awarding fees in copyright case with default judgment); *Chevron Intellectual Property L.L.C. v. Allen,* 2009 WL 2596610, **3-4 (N.D. Tex. August 24, 2009)(awarding fees on default for trademark infringement); *see also, Epic Sys. Corp.,* Case No. 12-cv-848, Dkt. 41, Order (W.D. Wis. December 31, 2013).  Such a recovery is appropriate here, where the Defendant has willfully violated a number of Epic's intellectual property rights.

To date, Plaintiff has already incurred attorneys' fees in investigating and prosecuting this action in the amount of $16,426.50 and expenses in the amount of $2,590.95.  (Declaration

-6-

of Josephine K. Benkers, ¶ 2).  These fees were reasonably and necessarily incurred as a result of Defendant's wrongful acts.  (*Id.*).  Accordingly, Epic requests an award of these fees against Defendant Neil Silver.

**CONCLUSION**

For the reasons stated, above, Epic should be awarded the following relief:

1.      Epic requests that Defendant be enjoined from any unauthorized access, misuse or misappropriation of Epic's information going forward.  Defendant should be further enjoined from maintaining possession of any of Epic's materials they may now have and ordered to return any of the same to Epic.

2.      Epic requests that Defendant be enjoined from infringing of any of Epic's trademarks, including but not limited to the registered marks identified in the Complaint.

3.      Epic requests that Defendant be enjoined from infringing any of Epic's copyrights, including its registered and common law rights to Epic's documentation, training materials, software and other materials Epic has created concerning its products.

4.      Epic requests that Defendant be enjoined from developing, offering, facilitating, selling, promoting, marketing or otherwise being involved with any classes, training, materials, seminars, consulting or the like concerning Epic's software that is not specifically and expressly authorized by Epic.  Defendant should be further enjoined from being involved with or employed by any individual, business or entity that develops, offers, facilitates, sells, promotes, markets or otherwise is involved with any classes, training, materials, seminars, consulting or the like concerning Epic's software that is not specifically and expressly authorized by Epic.

5.      Epic requests that Defendant be enjoined from falsely advertising that any of its previously offered non-authorized Epic training is "industry standard," used by a "wide range of

QB\310265.00157\26815414.1

health providers" or otherwise suggesting to customers that such training is valuable to employers or potential employers.

6.     Epic requests that Defendant be enjoined from registering any domain name or hosting any website that violates any of portion of this injunction, including but not limited to by hosting any of Epic's materials, using any  of Epic's trademarks, or offering any Epic training.

7.     Epic seeks an award of its actual attorneys' fees, expenses and costs for pursuing this action.  Epic requests $ 16,426.50 in reasonable attorneys fees, and $ 2,590.95 in expenses, incurred to date.

8.     Epic seeks such other relief as this Court deems appropriate.

Dated this 16th day of May, 2014.

QUARLES & BRADY LLP

/s/ Josephine K. Benkers
Josephine K. Benkers
State Bar No. 1030608
josephine.benkers@quarles.com

QUARLES & BRADY LLP
33 East Main Street
Suite 900
Madison, WI
(608) 251-5000
Fax: (608) 251-9166

*Attorneys for Epic Systems Corporation*

QB\310265.00157\26815414.1

## CERTIFICATE OF SERVICE

I hereby certify that on May 16th, 2014, I caused to be electronically filed the foregoing

Brief in Support of Motion For Entry Of Default and Default Judgment and Permanent

Injunction Against Defendant Neil Silver with the Clerk of Courts using the CM/ECF System.

Defendant will be served this day by e-mail consistent with this Court's order at Docket 13

Dated: May 16, 2014                                    /s/Josephine K. Benkers

QB\310265.00157\26815414.1