IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
───────────────────────────────────────────────────────────

EPIC SYSTEMS CORPORATION,

                      Plaintiff,                      OPINION & ORDER

    v.

                                                                  13-cv-355-wmc

NEIL SILVER,

                      Defendant.
───────────────────────────────────────────────────────────

On May 30, 2013, plaintiff Epic Systems Corporation ("Epic") filed this civil suit alleging that defendant Neil Silver infringed upon its registered copyrights and trademarks and engaged in false advertising, in violation of federal and Wisconsin law. (Compl. (dkt. #1) ¶¶ 16-39.) Following unsuccessful attempts to serve Silver in Canada, Epic sought and was granted leave to serve Silver via e-mail. (Dkt. #13.) Defendant was served via e-mail on January 8, 2014 (dkt. #14). To date, defendant has failed to appear, answer, or otherwise defend this lawsuit. On June 9, 2014, the clerk of court entered default. (*See* dkt. #24.)

Epic also moved for default judgment. (Dkt. #15.) In order to give defendant an opportunity to challenge Epic's proof of damages and requests for relief, the court scheduled a hearing on this motion on June 11, 2014. Again, defendant failed to appear or contest the matter. Because the clerk of court has entered default against defendant, the court accepts as true all of the factual allegations in the complaint, except those relating to damages. *In re Catt*, 368 F.3d 789, 793 (7th Cir. 2004). In its motion for default judgment, Epic seeks: (1) a permanent injunction; and (2) a total of $19,017.45, representing $16,426.50 in attorney's fees and $2,590.95 in costs. (*See* Josephine K. Benkers Decl. Ex. A (dkt. #18-1).)

Since both are supported by the undisputed record, the court will enter judgment as requested.

Both the Copyright Act and the Lanham Act provide for injunctive relief. *See* 17 U.S.C. § 502(a) (Copyright Act); 15 U.S.C. § 1116(a) (Lanham Act); *Lifted Research Grp., Inc. v. Behdad, Inc.*, 591 F. Supp. 2d 3, 8 (D.D.C. 2008). To be entitled to injunctive relief, a plaintiff must demonstrate: (1) irreparable injury; (2) inadequate remedies at law; (3) the balance of hardships favors injunctive relief; and (4) the public interest would not be disserved. *eBay Inc. v. MercExchange, L.L.C.*, 547 U.S. 388, 391 (2006). It is "not uncommon for courts to issue injunctions as part of default judgments." *Virgin Records Am., Inc. v. Johnson*, 441 F. Supp. 2d 963, 965 (N.D. Ind. 2006) (citing *Johnson v. Kakvand*, 192 F.3d 656 (7th Cir. 1999)); *Arista Records, Inc. v. Beker Enters., Inc.*, 298 F. Supp. 2d 1310, 1314 (S.D. Fla. 2003).

Epic has succeeded on the merits of its copyright and trademark infringement actions by virtue of Silver's default. As for the factors governing entry of an injunction, "[g]enerally, copyright and trademark infringement, by their very nature, carry a presumption of harm." *Lifted Research Grp.*, 591 F. Supp. 2d at 8. Silver's failure to defend this lawsuit, coupled with his cavalier disregard for Epic's intellectual property rights (*see* Michael Wokasch Decl. Ex. B (dkt. #11-2)), suggests that monetary damages would be inadequate, since infringement would likely recur in the future. *See White v. Marshall*, 771 F. Supp. 2d 952, 958 (E.D. Wis. 2011) ("blatant disregard" for allegations of infringement demonstrates infringement is likely to continue unless enjoined); *Virgin Records*, 441 F. Supp. 2d at 966 (failure to respond to complaint suggests defendant does not take illegality of its infringing activity seriously).

Because the harm Epic is suffering is irreparable and because "it is not a burden on [the] defendant[] to follow the law," *White*, 771 F. Supp. 2d at 959, the court finds that the balance of harms weighs in favor of entering an injunction. Finally, the public interest also favors entering an injunction here. *Id.* (citing *Nintendo of Am., Inc. v. Lewis Galoob Toys, Inc.*, 16 F.3d 1032, 1038 (9th Cir. 1994) ("Generally, public policy favors the issuance of permanent injunctive relief in cases of infringement of intellectual property rights.")); *see also Eli Lilly & Co. v. Natural Answers, Inc.*, 233 F.3d 456, 469 (7th Cir. 2000) ("public interest is served by the injunction because enforcement of the trademark laws prevents consumer confusion"); *Erickson v. Trinity Theatre, Inc.*, 13 F.3d 1061, 1073 n.11 (7th Cir. 1994) ("public policy strongly favors the protections of copyrights"). Accordingly, Epic is entitled to the injunctive relief detailed in the Order below.

Epic also requests attorney's fees and costs. Trademark infringement and false advertising cases allow recovery of costs and, in exceptional cases, reasonable attorney's fees. 15 U.S.C. § 1117(a). Likewise, the prevailing party in a copyright infringement case is presumptively entitled to recovery of its full costs and reasonable attorney's fees. 17 U.S.C. § 505(a). *See Mostly Memories, Inc. v. For Your Ease Only, Inc.*, 526 F.3d 1093, 1099 (7th Cir. 2008). Wis. Stat. § 100.18(11)(b)2 also allows for the recovery of costs, "including reasonable attorney fees." The court agrees with Epic that defendant's default and his apparent utter disregard for Epic's intellectual property rights make this an "exceptional case" under 15 U.S.C. § 1117, justifying an award of Epic's attorney's fees and costs in this litigation.

With respect to attorney's fees, Epic requests a total of $16,426.50. While the hourly rates are on the high side, the court finds that the hours expended are well-

documented and the fees requested are reasonable overall, in light of the difficulties Epic had in serving defendant in this case. Epic also asks to be reimbursed for $2,590.95 in costs, including the filing fee, the cost of service and PACER research charges.

The one hiccup is that Epic appears to have requested the same $400 filing fee twice. (*See* Benkers Decl. Ex. A (dkt. #18-1) 8.) Accordingly, the court will deduct $400 from the requested total and will award Epic $2,190.95 in costs, for a total monetary award of $18,617.45.

ORDER

IT IS ORDERED that:

1) Plaintiff Epic Systems Corporation's motion for default judgment (dkt. #15) is GRANTED;

2) Defendant Neil Silver is hereby ENJOINED:

   a. from any unauthorized use or misappropriation of Epic's information going forward. Defendant Neil Silver is further enjoined from maintaining possession of any of Epic's materials it may now have and is ordered to return any of the same to Epic.

   b. from infringing any of Epic's trademarks, including but not limited to the registered marks identified in the Complaint.

   c. from infringing any of Epic's copyrights, including its registered and common law rights to its documentation, training materials, and other materials Epic has created concerning its products.

   d. from developing, offering, facilitating, selling, promoting, marketing or otherwise being involved with any classes, training, materials, seminars, consulting or the like concerning Epic's software that is not specifically and expressly authorized by Epic. Defendant is further enjoined from being involved with or employed by any individual, business or entity that develops, offers, facilitates, sells, promotes, markets or otherwise is involved with any classes, training, materials, seminars, consulting or the like concerning Epic's software that is not specifically and expressly authorized by Epic.

    e. from falsely advertising that any of its previously offered non-authorized Epic training is "industry standard," used by a "wide range of health providers" or otherwise suggesting to customers that such training is valuable to employers or potential employers.

    f. from registering any domain name or hosting any website that violates any portion of this injunction, including but not limited to unauthorized hosting of any of Epic's materials, unauthorized use of any of Epic's trademarks or unauthorized offering of any Epic training.

3) the clerk of court is directed to enter judgment in favor of plaintiff and against defendant Neil Silver in the total amount of $18,617.45 and to close this case.

Entered this 12th day of June, 2014.

                      BY THE COURT:

                      /s/

                      _____
                      WILLIAM M. CONLEY
                      District Judge